UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON COVERT, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., et al.,<br><br>            Defendants. | Case No.  16-cv-06041-BLF<br><br>**ORDER DENYING DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ADMINISTRATIVE MOTION FOR A TEMPORARY STAY OF PROCEEDINGS**<br><br>[Re: ECF 24] |

Having reviewed the administrative motion for a temporary stay of proceedings filed by Defendant Samsung Electronics America, Inc. ("SEA"), ECF 24, and the opposition thereto filed by Plaintiffs, ECF 25, the Court DENIES the motion for the reasons discussed below.

Defendant SEA requests that the Court exercise its inherent power to stay the present case, *Covert*, "temporarily" for some indeterminate period of time. The bases articulated for the requested stay are that: (1) Defendant Samsung Electronics Co., Ltd. ("SEC"), a Korean company, has not yet been served; (2) Plaintiffs will not permit Defendant SEA to examine the smartphone at issue or conduct an independent medical evaluation of Plaintiffs until Defendant SEC appears; and (3) a stay of *Covert* is appropriate because a related action, *Martin v. Samsung Electronics America, Inc.*, 16-cv-06391-BLF, has been stayed. Presumably, then, Defendant SEA requests that *Covert* be stayed pending appearance by Defendant SEC and resolution of the underlying MDL petition that gave rise to the stay in *Martin*.

As an initial matter, Plaintiffs correctly point out that an administrative motion for relief under Civil Local Rule 7-11 is not an appropriate vehicle for Defendant SEA's request for stay. Civil Local Rule 7-11 is intended to provide a mechanism by which a party may present to the

Court "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Civ. L.R. 7-11. Examples "would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." *Id.* A motion to stay litigation is a substantive motion that properly should be filed as a noticed motion under Civil Local Rule 7-2.

The Court did grant an administrative motion for a stay of litigation in *Martin* because the motion was unopposed and little purpose would have been served by requiring that the motion be re-filed as a noticed motion. *See* Order Granting Defendants' Administrative Motion for a Temporary Stay of Proceedings Pending Decision on MDL Petition, ECF 27 in Case No. 16-cv-06391-BLF. Because that ruling may have misled Defendant SEA as to the propriety of bringing the present motion for stay under Civil Local Rule 7-11, the Court will address the motion on the merits.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55).

With respect to the first factor, possible damage if the stay is granted, Plaintiffs in *Covert* have expressed a strong preference for going forward on their individual claims and avoiding delays that would be caused by requiring their case to conform to the inevitably longer timetable of the broader class action, *Martin*. Plaintiffs point out that Defendant SEA has brought the present motion for stay on the eve of the Case Management Conference scheduled for February 23, 2017, that Plaintiffs already have made their initial disclosures, and that Defendant SEA did

2

not notify Plaintiffs at the parties' recent meet and confer conference that Defendant SEA would be seeking a stay.  Plaintiffs assert that Defendant SEA's conduct is particularly egregious because Defendant SEA unsuccessfully sought to sweep *Covert* within the scope of Defendant SEA's prior administrative motion for stay in *Martin* and thus could have brought the present motion for stay in a much timelier manner.  Given all of these circumstances, the Court agrees with Plaintiffs that imposition of a stay would be unfair and prejudicial to Plaintiffs, and thus that the first factor weighs against a stay.

With respect to the second factor, hardship to Defendant SEA if required to go forward, the only prejudice Defendant SEA articulates is its assertion that it will be "hamstrung" by Plaintiffs' refusal to permit examination of the smartphone or an independent medical evaluation until Defendant SEC appears.  However, if Plaintiffs refuse to comply with discovery requests, Defendant SEA may seek relief by appropriate motion before Magistrate Judge Howard Lloyd.  Accordingly, the second factor is neutral or weighs slightly against a stay.

Finally, with respect to the third factor, Defendant SEA asserts that staying *Covert* so that it may be managed in conjunction with *Martin* will promote efficiency.  While it did relate *Covert* and *Martin*, this Court does not ordinarily manage related cases on the same timetable.  At this point in the litigation, the Court perceives no reason why *Covert* should be delayed so that it may be managed with *Martin.*  The Court therefore concludes that the third factor is neutral or weighs slightly against a stay.

Accordingly, after consideration of the parties' briefing on the merits and the *Landis* factors, the Court in the exercise of its discretion DENIES Defendant SEA's administrative motion for a temporary stay.  The Case Management Conference scheduled for February 23, 2017 at 11:00 a.m. remains on calendar.  The Court's ruling is without prejudice to a future motion to coordinate *Covert* and *Martin* should developments in the cases make such a motion appropriate.

**IT IS SO ORDERED.**

Dated:  February 22, 2017

_____
BETH LABSON FREEMAN
United States District Judge